*In re* CLINTON J. HUTCHINS, Trustee.

ORIGINAL.

SUBMITTED MAY 21, 1904.          DECIDED JUNE 1, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

C.L., Sec. 1688, which in terms requires the defendant to file a bond
for rent to accrue in order that he may retain possession pending
appeal from a judgment against him in a summary proceeding for
possession, is repealed by implication by L., 1892, Ch. 57, as amend-
ed by L. 1903, Act 32.

This court may on certiorari issue a writ of restitution but does not do
so at present in this case because no notice of the issuance of the
writ of certiorari was given to the plaintiff below and no motion
for a writ of restitution was made or notice thereof given to the
plaintiff below.

### OPINION OF THE COURT BY FREAR, C.J.

The case is stated in the opinion denying the motion to quash
the writ of certiorari. *Ante* p. 624. It is now presented on its
merits on the record.

The respondent contends that the petitioner was not entitled
to retain possession pending the appeal because the bond filed
was insufficient to meet the requirements of C.L., Sec. 1688.
That section was repealed by implication by the judiciary act
of 1892, as amended in 1903. This follows from the reasoning
in the opinion just referred to, though it was not so stated ex-
pressly in that opinion. Therefore it was not necessary to file
any bond under that section.

It is next contended that the petitioner waived his rights by

reason of having asked the Magistrate to overrule his motion to vacate the writ of possession. The petitioner contends that he asked merely for a pro forma ruling in order that the matter might be taken to a higher court, and that the Magistrate apparently did not understand him. The Magistrate's record shows that the motion to vacate was made April 1, that the Magistrate postponed his decision until April 9, that the petitioner orally requested him to overrule the motion on April 4 pending the delay in giving his decision, that the Magistrate declined to do this, and that on April 9 he overruled the motion on his own judgment and irrespective of the petitioner's supposed request to overrule. It is clear, from the entire record and the petitioner's conduct as shown by the record, that he did not intend to waive his rights and that the Magistrate did not act on a supposed waiver.

The record supports the allegations of the petition that the writ of possession was issued pending the defendant's appeal in the summary proceedings and without giving him an opportunity to be heard or to file a supersedeas bond. It follows, as we practically held on the motion to quash the petition, that the action of the Magistrate in this respect must be set aside.

The petitioner suggests that a writ of restitution be issued to restore him to the possession of which he was deprived by the illegal issuance and execution of the writ of possession. In our opinion this court may issue a writ of restitution in a proper case on certiorari. This view is supported by C.L., Secs. 1163, 1165, 1632, as well as by decisions elsewhere, although there are decisions to the contrary in the absence of statutes or under different statutes. And if notice of these certiorari proceedings had been served on the plaintiff below, we might be in a position to issue such a writ, if necessary, under the prayer for "other relief" or as an incident to the setting aside of the proceedings before the Magistrate. But no such notice was given and no motion has been made for a writ of restitution or notice thereof given to the plaintiff below. The usual practice is to make such a motion and serve notice thereof on the party who would be

affected by the issuance of such a writ. In the absence of such notice we shall not issue such a writ—whether such notice is an absolute prerequisite in every case or not. It is perhaps the better practice also to serve notice of the issuance of the writ of certiorari on the opposite party below, even though the sole object is to have the proceedings below vacated and no request is made for a writ of restitution, but the statute does not in terms require that and the court acts on the record itself and not on the rights claimed by the opposite party under the void proceedings. See *Siedler v. Chosen Freeholders of Hudson,* 39 N. J. L. 632, 638.

Since the hearing the Magistrate has moved that the record of the subsequent proceedings on the appeal in the Circuit Court be added to his return for the purpose of showing that this court in the exercise of its discretion ought not to issue a writ of restitution. This motion is denied because, among other reasons, the Magistrate is not interested in the question of restitution.

The Magistrate's allowance of the motion for a writ of possession, his issuance of such writ, and his refusal to allow the motion to set aside the same are avoided and set aside, with leave to the petitioner to move for a writ of restitution in this court.

*Cathcart & Milverton* for petitioner.

*Kinney, McClanahan & Cooper* for respondent.